# EXHIBIT A

150th District Court

# Case Summary

Case No. 2024CI02028

| | | | |
|---|---|---|---|
| **Glen Elliott VS The Boeing Company** | § | Location: | **150th District Court** |
| | § | Judicial Officer: | **150th, District Court** |
| | § | Filed on: | **01/30/2024** |

## Case Information

Case Type: **EMPLOYMENT-DISCRIMINATION**
Case Status: **01/30/2024   Pending**

## Assignment Information

**Current Case Assignment**
Case Number   2024CI02028
Court         150th District Court
Date Assigned 01/30/2024
Judicial Officer 150th, District Court

## Party Information

*Lead Attorneys*

**Plaintiff**   Elliott, Glen          **RICHARD, DENNIS**
                                       *Retained*

**Defendant**   The Boeing Company     **COX, TIFFANY L**
                                       *Retained*

## Events and Orders of the Court

01/30/2024   New Cases Filed (OCA)

01/30/2024   PETITION

01/31/2024   **Citation**
             The Boeing Company
             Served: 02/05/2024

02/07/2024   RETURN OF SERVICE - SUCCESSFUL
                 THE BOEING COMPANY

02/26/2024   ORIGINAL ANSWER OF
                 THE BOEING COMPANY AND DEFENSES

FILED
2/7/2024 10:47 AM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Patrick Gordon
Bexar County - 150th District Court

PRIVATE PROCESS

Case Number: **2024CI02028**

Glen Elliott VS The Boeing Company
(Note: Attached Document May Contain Additional Litigants)

IN THE **150TH DISTRICT COURT**
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   **The Boeing Company**
**BY SERVING ITS PRESIDENT AND CEO DAVID L. CALHOUN**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" Said **Original Petition And Jury Demand** was filed **on this the 30th day of January, 2024.** ISSUED UNDER MY HAND AND SEAL OF SAID COURT **on this the 31st day of January, 2024.**

**DENNIS RICHARD**
**ATTORNEY FOR PLAINTIFF**
14255 Blanco RD
San Antonio TX 78216-7718



Gloria A. Martinez
**Bexar County District Clerk**
101 W. Nueva, Suite 217

San Antonio, Texas 78205
By: /s/ Wilna Williams
Wilna Williams, Deputy

---

**GLEN ELLIOTT VS THE BOEING COMPANY**

Case Number: 2024CI02028
150th District Court

### Officer's Return

I received this CITATION on the 31st day of Jan, 20 24 at 10:08 o'clock A M. and (✓) executed it by delivering a copy of the CITATION with attached **ORIGINAL PETITION AND JURY DEMAND** the date of delivery endorsed on it to the defendant The Boeing Company in person on the 5th day of Feb, 2024 at 10:49 o'clock A M. CEO DAVID L. Calhoun at 100 N Riverside Plz mc5009 100, City Chicago State IL Zip 60606

or ( ) not executed because _____

Fees: _____   Badge/PPS #: PSC 2353   Date certification expires: 12-31-24

*By Certified Mail
7020 1290 0001 4541 3131

Bexar County, Texas
BY: /s/ [signature]

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is MARIO V CORDOVA, my date of birth is 02-08-56, and my address is 3658 Candle Head Ln, San Antonio TX 78244, Bexar County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Cook County, State of Texas, on the 5th day of February, A.D., 2024.

/s/ [signature]
Declarant

# USPS Tracking®

FAQs >

**Tracking Number:**

Remove ✕

## 70201290000145413131

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was delivered to an individual at the address at 10:49 am on February 5, 2024 in CHICAGO, IL 60606.

### Get More Out of USPS Tracking:

USPS Tracking Plus®

### Delivered

**Delivered, Left with Individual**

CHICAGO, IL 60606
February 5, 2024, 10:49 am

See All Tracking History

What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)

Text & Email Updates    ⌄

USPS Tracking Plus®    ⌄

Product Information    ⌄

See Less ⌃

**Track Another Package**

Enter tracking or barcode numbers

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 84237551
Filing Code Description: Return of Service Successful
Filing Description: THE BOEING COMPANY
Status as of 2/7/2024 2:39 PM CST

Associated Case Party: Glen Elliott

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Dennis L. Richard | | dennislrichardlaw@gmail.com | 2/7/2024 10:47:10 AM | SENT |
| Maribel Susil | | maribel.legal@outlook.com | 2/7/2024 10:47:10 AM | SENT |

FILED
1/30/2024 9:20 AM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Ana Cortijo
Bexar County - 150th District Court

**2024CI02028**

CIT PPS SAC 3

CAUSE NO. _____

| | | |
|---|---|---|
| GLEN ELLIOTT, *Plaintiff*, | § § § | IN THE DISTRICT COURT |
| vs. | § § § | ___ JUDICIAL DISTRICT |
| THE BOEING COMPANY, *Defendant.* | § § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES**, GLEN ELLIOTT, hereinafter referred to as Plaintiff or "Elliott", complaining of and about The Boeing Company, hereinafter referred to as Defendant or "Boeing" and for cause of action files this his Plaintiff's Original Petition, showing to the Court as follows:

### I. PARTIES AND SERVICE

1. Plaintiff, Elliott, is a citizen of the United States and the State of Texas and resides in Bexar County, Texas.

2. Defendant, Boeing, is a Domestic for Profit-Corportation, doing business in the State of Texas. This Defendant may be served with process by delivering a copy of Plaintiff's Original Petition to David L. Calhoun, President and CEO of Boeing, by certified mail return receipt requested at 100 N. Riverside Plaza, MC 5003-1001, Chicago, IL. 60606 or wherever it may be found.

3. This is a Level III case.

### II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties to this case. Boeing has conducted business in Bexar County, defamed the Plaintiff in Bexar County, engaged in racial discrimination in Bexar County and therefore venue properly lies in Bexar County.

1

## III.
## JURY DEMAND

5. Plaintiff is requesting trial by jury and will tender the statutory jury fee.

## IV.
## AGENCY

6. Whenever in this petition it is alleged that the Defendant did any act or thing, it is meant that Defendant's officers, agents, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of or by Defendant and was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees or representatives.

## V.
## FACTS

7. On or about December 15, 2023, Glen Elliott was falsely accused of inappropriate conduct and conduct that violated Boeing's company values, behaviors and expectations (the allegation was "Between April 2021 and October 2023, Elliott routinely moved Boeing recognized holidays to dates that are non-Boeing holidays to submit and collect 'Manager holiday Worked' time in the employee Timekeeping System without consent or permission of your managers"). Senior Director, Mandy Trainer, made this false and defamatory statement and attributed it to Markeeva Morgan, a Boeing Vice President, as well. Trainer also falsely claims that there was no articulated business need for Elliott to receive overtime. In truth and in fact, Elliott's movement of holidays was approved by Morgan and Trainer and without that approval, no overtime pay would ever have been received by Elliott. The only way for any employee at Boeing to receive overtime pay is if their manager approves it in ETS (Employee Timekeeping System). At Defendant, it is not possible for any employee, regardless of level, to self approve and receive overtime pay. After an employee puts his time into ETS, their manager has the opportunity to review the employee's inputs, as well as to have the employee make changes, prior to the manager signing it. A managers sign off signature in ETS confirms the manager

agrees with what has been inputted into ETS by the employee. Each week ETS records a digital signature of the sign offs for the employee as well as the manager. The days moved were for the following articulated business needs: 1) Induction of the Executive Fleet Aircraft; 2) Bringing the Aircraft into the hangar and securing it and 3) The visit by the Secretary of the Air Force.

8. Glen Elliott meritoriously served Boeing for 12 years and he routinely received Meets or Exceeds Performance Evaluations. He qualified for the maximum bonuses and enjoyed a salary that rose from $74,000.00 to $193,000.00 in those 12 years. Plaintiff's compensation for 2023 exceeded $316,000.00. Elliott received only pay that he was authorized to receive and for which his supervisors consented and approved with their digital signatures in ETS. Elliott had a verbal conversation with Morgan and Trainer about any movement of holidays and any pay attributed to the holiday moved. These same supervisors would sign off on the time that Elliott worked for The Boeing Company. These defamatory statements were published by the Boeing supervisors, Morgan and Trainer, to an outside investigator, Richard LNU, and Human Resource Representatives at Boeing, Caitlin Parker and Bryan Hunt. When the San Antonio Site Leader, Ed Onwe, returned from Christmas vacation in January 2024, he asked Morgan to tell him how a Boeing employee of Elliott's stature could be dismissed at the drop of a dime. Morgan replied: "I can't get into it, but it had to deal with ETS manipulation so egregious that it was determined Elliott must be terminated". The publication of these false accusations amounts to allegations of dishonesty and were injurious to the office, profession and occupation of Glen Elliott. Under Texas law these defamatory statements constitute Libel Per Se and Slander Per Se. Damage to Plaintiff's reputation is presumed. Glen Elliott has suffered mental anguish and emotional distress damages in addition to the damage to his reputation. He has suffered the obvious economic damages occasioned by his wrongful termination.

9. Glen Elliott is an African American and a member of a protected class. Plaintiff's wrongful termination is a direct result of defamation and racial discrimination.

White Boeing employees have been treated more favorably than Elliott under similar if not identical circumstances. Richard LNU understood the allegations by Trainer and Boeing to be defamatory statements about Elliott's reputation. The outside investigator understood the accusation to be that Elliott was falsifying his time records. There was no dishonesty and no time entered was a falsification of time actually worked. The allegations communicated by Trainer to the outside investigator were false. Boeing Managers knew the allegations were false when they were made. Boeing Managers repeated the allegations to the outside investigator and adopted them as a pretext for the termination of Plaintiff. The conduct of Trainer, Morgan and Boeing is a violation of 42 U.S.C. 1981 and constitutes interference with Elliott's employment contract with Boeing based on Racial Discrimination and Retaliation for Opposing Racial Discrimination. The conduct of the above Boeing Managers confirms a scheme of Racial Discrimination and violations of 42 U.S.C. 1981.

10. The Boeing Managers have issued defamatory statements about Elliott that are injurious to his office, profession and occupation amounting to Libel Per Se and Slander Per Se. The damage inflicted upon Plaintiff's reputation in the aerospace industry is presumed.

11. The allegations made by the Boeing Managers to the outside investigator, both in writing and verbally, were known by Trainer, Morgan and Boeing to be false or were made with reckless disregard as to whether they were true or false. Nevertheless, these statements were communicated and published to the outside investigator and HR representatives Caitlin Parker and Bryan Hunt without privilege for doing so and Defendant, through the conduct of its managers, knew and understood the allegations made about Plaintiff to have been made in an accusatory and defamatory context.

12. When these defamatory statements were made and published by the Boeing Managers to the outside investigator there was information available to the Boeing Managers that raised serious doubts about the truth of the statements being communicated and published, but the Boeing Managers made no effort to prevent the publishing of false statements about

4

Plaintiff. The Boeing Managers were not punished or censured for doing so. These false allegations were made intentionally, knowingly and with ill will, actual malice and reckless disregard for their truth or falsity, and without legal excuse or privilege. The allegations about Elliott tended to injure his reputation and expose him to public hatred, contempt, ridicule and financial injury, and to impeach his honesty, integrity, virtue and reputation. Again, the conduct of the Boeing Managers was injurious to the office, profession and occupation of Glen Elliott, amounting to Slander Per Se and Libel Per Se.

## VI.
## DAMAGES

13. By reason of Defendant's acts and conduct, as herein alleged, Plaintiff has been damaged as follows:

   a.) Compensatory damages (including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-economic damages) allowed under 42 U.S.C. 1981.

   b.) Economic damages in the form of lost back pay and lost fringe benefits in the past. Economic damages, in the form of lost wages and fringe benefits that will, in reasonable probability, be sustained in the future.

   c.) Damage to Plaintiff's reputation both in the past and within reasonable probability in the future as well.

   d.) Attorney's fees pursuant to applicable statutes.

   e.) Punitive damages for Defendant engaging in unlawful intentional defamation and engaging in discriminatory practices with reckless indifference to the protected rights of an aggrieved individual, like Plaintiff, Glen Elliott. Said conduct also amounts to a conscious indifference to the rights and welfare of Elliott. Plaintiff also seeks punitive damages under his claims for violation of Section 1981 of the Civil Rights Act of 1866.

14.   Pursuant to Rule 47 of the Texas Rules of civil Procedure, Plaintiff hereby seeks monetary relief more than $1,000,000.00, including costs, expenses, pre- and post-judgment interests, and attorney's fees. Plaintiff further requests that the non-expedited rules apply in this case.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial of this cause, Plaintiff has and recovers of and from the Defendant actual damages and punitive damages in a sum within the jurisdictional limits of this Court, pre-and post-judgment interest as allowed by law, attorney's fees, costs of Court, and for such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

__/s/ *Dennis L. Richard*____
Dennis L. Richard
SBN: 16842600
**LAW OFFICE OF DENNIS L. RICHARD**
14255 Blanco Road
San Antonio, TX 78216
Telephone: (210) 308-6600
Telecopier: (210) 308-6939
dennislrichardlaw@gmail.com

FILED
2/26/2024 9:26 AM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Wendy Rodriguez
Bexar County - 150th District Court

Case 5:24-cv-00232-XR   Document 1-1   Filed 03/05/24   Page 12 of 16

**CAUSE NO. 2024CI02028**

| | | |
|---|---|---|
| **GLEN ELLIOTT** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **150th JUDICIAL DISTRICT** |
| | § | |
| **THE BOEING COMPANY** | § | |
| | § | |
| **Defendant.** | § | **BEXAR COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

Defendant THE BOEING COMPANY ("Defendant") files this Original Answer and Defenses to the Original Petition filed by Plaintiff GLEN ELLIOTT ("Plaintiff"), as follows:

### I. GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant generally and specifically denies each and every allegation contained in Plaintiff's Original Petition and any amendment or supplement thereto, and demands strict proof thereof. With respect to any claim by Plaintiff for punitive damages, Defendant demands strict proof thereof by clear and convincing evidence.

### II. DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant asserts the following defenses, including affirmative defenses, as follows:

1. Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, and pending discovery, Plaintiff's damages, if any, are barred in whole or in part by the doctrine of after-acquired evidence.

2. Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, and pending discovery, Plaintiff has failed to mitigate or minimize his

alleged damages and is therefore barred, in whole or in part, from the recovery of damages.

3. Defendant is entitled to an offset for any earnings since Plaintiff's employment ended, including payments received from insurance carriers, workers' compensation benefits, or unemployment compensation benefits, and wages from subsequent employers.

4. Plaintiff's claims for compensatory and punitive/exemplary damages are capped or limited by applicable law, including Chapter 41 of the Texas Civil Practice and Remedies Code and common law.

5. All employment decisions made regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, and non-retaliatory reasons.

6. Plaintiff's claims for exemplary damages are barred to the extent that the imposition of exemplary damages would constitute a denial of due process under the United States Constitution and the Constitution of the State of Texas.

7. Defendant engaged in good faith efforts to comply with all applicable laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state or federal law, and therefore, Plaintiff fails to state a claim for punitive or exemplary damages.

8. With respect to some or all of Plaintiff's claims, the Petition fails to state a claim upon which relief may be granted.

9. If any improper, illegal, discriminatory, or retaliatory actions were taken by any of Defendant's employees against Plaintiff (which Defendant denies), they were outside the course and scope of that employee's employment, contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to

Defendant.

10. Plaintiff's claims fail because Defendant exercised reasonable care to prevent and remediate promptly any unlawful behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

11. Plaintiff's claims are barred, in whole or in part, because Defendant would have taken the same action in the absence of any alleged impermissible motivating factor(s), which Defendant expressly denies.

12. With respect to Plaintiff's defamation claim, Plaintiff's own acts or omissions caused or contributed to the Plaintiff's alleged injury.

13. Plaintiff's defamation claim is barred, in whole or in part, by the truth or substantial truth of the alleged defamatory statements.

14. Plaintiff's defamation claim is barred to the extent the alleged conduct by Defendant is covered by a good faith qualified privilege.

15. Plaintiff's claims are barred to the extent there was no publication to a third party.

16. The alleged statements made the basis of Plaintiff's claims have not injured his reputation or exposed him to financial or any actual injury, and therefore, the statements are not actionable

17. Defendant specifically reserves the right to assert any other appropriate defenses, including affirmative defenses, to Plaintiff's claims as the need for such defenses becomes known.

### III.   PRAYER FOR RELIEF

**WHEREFORE,** Defendant respectfully requests that this Court dismiss Plaintiff's Original Petition with prejudice and that Defendant be awarded Defendant's costs, attorneys' fees, and any other relief to which Defendant may be entitled.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Tiffany Cox Stacy*
Tiffany Cox Stacy
Texas Bar No. 24050734
tiffany.cox@ogletree.com
Elbert Ortiz
Texas Bar No. 24087007
elbert.ortiz@ogletree.com
112 East Pecan Street
Suite 2700
San Antonio, TX 78205
Telephone: (210) 354-1300

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that a true copy of this paper has been forwarded by a method prescribed by the Texas Rules of Civil Procedure, on this 26th day of February, 2024 to:

Dennis L. Richard
LAW OFFICE OF DENNIS L. RICHARD
14255 Blanco Road
San Antonio, TX 78216
dennislrichardlaw@gmail.com

*/s/ Tiffany Cox Stacy*
Tiffany Cox Stacy

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jessica Ramirez on behalf of Tiffany Cox Stacy
Bar No. 24050734
jessica.ramirez@ogletree.com
Envelope ID: 84881223
Filing Code Description: ORIGINAL ANSWER OF
Filing Description: THE BOEING COMPANY AND DEFENSES
Status as of 2/27/2024 4:11 PM CST

Associated Case Party: Glen Elliott

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Dennis L. Richard | | dennislrichardlaw@gmail.com | 2/26/2024 9:26:37 AM | SENT |
| Maribel Susil | | maribel.legal@outlook.com | 2/26/2024 9:26:37 AM | SENT |

Associated Case Party: The Boeing Company

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Tiffany LCox | | tiffany.cox@ogletree.com | 2/26/2024 9:26:37 AM | SENT |
| Elbert Ortiz | | elbert.ortiz@ogletree.com | 2/26/2024 9:26:37 AM | SENT |
| Jessica Ramirez | | jessica.ramirez@ogletree.com | 2/26/2024 9:26:37 AM | SENT |
| Miranda Almand | | miranda.almand@ogletreedeakins.com | 2/26/2024 9:26:37 AM | SENT |
| Christel Green | | SANDocketing@ogletree.com | 2/26/2024 9:26:37 AM | SENT |